UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHIRLEY KNIGHT-HARRIS,

Plaintiff,

– against –

WELLS FARGO BANK, N.A., as Trustee
for Golden West Financial Corporation
Securitized Trust,

Defendant.

**OPINION AND ORDER**

16 Civ. 2605 (ER)

Ramos, D.J.:

This case arises out of the allegedly abusive practices employed by mortgage loan servicers in the wake of the housing crisis.  *Pro se* Plaintiff Shirley Knight-Harris brings this action against Defendant Wells Fargo Bank, N.A., as Trustee for Golden West Financial Corporation Securitized Trust.  Before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6).

For the reasons discussed below, Defendant's motion is GRANTED.

## I.  Background

The Amended Complaint is confusingly written and difficult to follow.  However, the Court remains obligated to construe a *pro se* complaint liberally, *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011), and to interpret a *pro se* plaintiff's claims as raising the strongest arguments that they suggest.  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).  The obligation to be lenient while reading a *pro se* plaintiff's pleadings "applies with particular force when the plaintiff's civil rights are at issue."  *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

Accordingly, the Court accepts the following allegations from the Amended Complaint ("Am. Compl.") (Doc. 6) as true for purposes of this motion.  *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012); *Vail v. City of New York*, 68 F. Supp. 3d 412, 427 (S.D.N.Y. 2014).  The Court also takes judicial notice of the Deed of Trust, Notice of Default and Election to Sell, and the Notice of Trustee Sale, as they are incorporated by reference in the Amended Complaint.  *See* Am. Compl. ¶¶ 22, 26, 49.

### A.  The Home Affordable Modification Program

In early 2009, as part of an effort to mitigate the housing crisis and keep borrowers out of foreclosure, the federal government established the Home Affordable Modification Program ("HAMP").  *Id*. ¶ 13.  In general terms, HAMP is designed to lower the monthly mortgage payments of participating borrowers to an affordable level.  *Id.*  Participating mortgage servicers offer temporary modifications to qualifying homeowners via agreements that set forth various conditions that must be met in order for the borrower to obtain a permanent loan modification. *Id.* at ¶¶ 17, 18.  Foreclosure proceedings are suspended during the evaluation and trial periods. *Id.* at ¶ 15.  Borrowers who ultimately do not qualify for HAMP must be nonetheless considered for alternative foreclosure prevention options.  *Id.* at ¶ 14.

In April 2009, Wells Fargo signed a Servicer Participation Agreement with the United States Treasury, in its capacity as a loan servicer, agreeing to comply with HAMP requirements and to perform loan modification and other foreclosure prevention services described in the program guidelines.  *Id.* at ¶ 14.

**B. The Knight-Harris Loan**

Plaintiff resides in Los Angeles, California. *Id.* at ¶ 5. On July 18, 2006, Plaintiff executed a $360,500 Adjustable Rate Mortgage Note ("Note") with World Savings Bank, FSB[1] to refinance her property. *Id.* at ¶ 22. That same day, she also executed a Deed of Trust with World Savings Bank, FSB, which was secured by her property. Declaration of Zalika T. Pierre in Support of Defendant's Motion to Dismiss ("Pierre Decl.") (Doc. 15) Ex. E. The Deed of Trust was recorded on July 27, 2006 in Recorder's Office in Los Angeles County. Plaintiff subsequently failed to make her loans payments and defaulted on her mortgage loan.[2] Am. Compl. ¶ 22.

Plaintiff alleges that she had been applying for loan modifications for almost five years. *Id.* at ¶ 54. Though she has been granted two modifications to her loan, her most recent application has been denied, despite meeting the requisite qualifications. *Id.* at ¶ 22, 49-54. As a result of Plaintiff's default, on June 23, 2014, a Notice of Default and Election to Sell Under Deed of Trust was mailed to Plaintiff at the property address. Pierre Decl. Ex. G. On March 21, 2016, due to Plaintiff's failure to cure her default, a Notice of Trustee Sale was issued. *Id.* at Ex. H. Plaintiff thereafter filed for bankruptcy and the foreclosure sale was postponed. *Id.* at Ex. I.

---

[1] As of December 31, 2007, World Savings Bank, FSB changed its name to Wachovia Mortgage, FSB. On November 1, 2009, Wachovia Mortgage was acquired and merged into Wells Fargo Bank, N.A. Memorandum of Law in Support of Defendant's Motion to Dismiss ("Def. Memo") (Doc. 16) at 2.

[2] Plaintiff does not state when she stopped making loan payments. Instead, she explains that with her husband's recent passing and the loss of tenants, she was either unable to make payments to the loan or the payments were significantly delayed. Am. Compl. ¶ 49.

## II.  Procedural History

Plaintiff commenced the instant action on April 7, 2016.[3]  (Doc. 1)  On June 13, 2016, Defendant requested a pre-motion conference to seek leave to file a motion to dismiss.  (Doc. 4) The Court granted Defendant's application, scheduled a pre-motion conference for June 29, 2016, and ordered Plaintiff to respond to Defendant's request by June 22, 2016.  (Doc. 5)  On June 17, 2016, however, in lieu of responding to Defendant's request, Plaintiff filed an amended complaint.  (Doc. 6)  Plaintiff did not reply to Defendant's letter request nor did she appear at the pre-motion conference on June 29, 2016.  Consequently, the Court granted Defendant's request for leave to file a motion to dismiss the action.  (Doc. 7)

On July 29, 2016, Defendant filed a motion to dismiss the original complaint.  (Doc. 8) Shortly thereafter, on August 15, 2016, Defendant submitted a letter to the Court explaining that it had made an error with its submission and requested leave to file a motion to dismiss the Amended Complaint.  (Doc. 12)  The Court granted Defendant's request and directed Defendant to file its moving papers by August 16, 2016, and Plaintiff to file her opposition papers by September 30, 2016.  (Doc. 13)  Defendant timely filed the instant motion on August 16, 2016. (Doc. 14)

By letter dated October 25, 2016, Defendant informed the Court that Plaintiff had not responded to its motion.  (Doc. 18)  As a result, the Court issued an order directing Plaintiff to file her opposition papers by November 14, 2016.  (Doc. 20)  On the day her opposition papers were due, November 14, Plaintiff requested an extension, which the Court granted to December 14, 2016.  (Doc. 22)  Two days after that deadline, on December 16, 2016, Defendant informed

---

[3] Plaintiff asserts that this venue is appropriate because Defendant is a "resident and/or conduct[s] business in this District and under N.Y. C.P.L.R. 301, New York's long arm statute."  *Id.* at ¶ 4.

the Court that Plaintiff had yet to file opposition papers.  (Doc. 23)  As a consequence to Plaintiff's repeated failure to file responsive papers, the Court will decide Defendant's motion to dismiss on the papers submitted.  (Doc. 24)  On December 27, 2016, Plaintiff filed a motion to dismiss without prejudice, claiming that Defendant had approved her loan modification and that a condition of the modification was to "dismiss the case without prejudice."  (Doc. 25).  In response, Defendant filed a letter requesting that the Court address its motion papers and dismiss the case with prejudice.  (Doc. 27)

## III.  Legal Standard

### A.  Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) requires that an action be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate the case.  Fed. R. Civ. P. 12(b)(1).  The party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists. *See Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).  On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, evidence outside of the pleadings may be considered by the court to resolve the disputed jurisdictional fact issues.  *See Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000); *see also Morrison*, 547 F.3d at 170.  When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true but does not necessarily draw inferences from the complaint favorable to the plaintiff.  *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citing *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).

Where, as here, a party also seeks dismissal on Rule 12(b)(6) grounds, the court must

consider the Rule 12(b)(1) motion first, *Baldessarre v. Monroe-Woodbury Cent. Sch. Dist.*, 820

F. Supp. 2d 490, 499 (S.D.N.Y. 2011), *aff'd*, 496 F. App'x 131 (2d Cir. 2012), because

"disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of

jurisdiction." *Chambers v. Wright,* No. 05 Civ. 9915 (WHP), 2007 WL 4462181, at *2

(S.D.N.Y. Dec. 19, 2007) (quoting *Magee v. Nassau Cnty. Med. Ctr.,* 27 F. Supp. 2d 154, 158

(E.D.N.Y. 1998)).

### B.  Rule 12(b)(6)

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,

the court must accept as true all of the factual allegations from the complaint, and draw all

reasonable inferences in the plaintiff's favor. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).

However, this requirement does not apply to legal conclusions, bare assertions, or conclusory

statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007)).  The complaint must adhere to Rule 8(a), which has been interpreted to

require that it contain enough factual matter for the claim to be plausible on its face. *Id.* (citing

*Twombly*, 550 U.S. at 570).  A claim is facially plausible "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Rule 8(a) "does not unlock the

doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79.  If

the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the]

Complaint must be dismissed." *Twombly*, 550 U.S. at 570.

The same standard applies to motions to dismiss *pro se* complaints.  *See Mancuso v.

Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010).  However, the Court is also obligated to construe a

*pro se* complaint liberally and to interpret a *pro se* plaintiff's claims as raising the strongest arguments that they suggest.  *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).  Notwithstanding the Court's obligation, a complaint that "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks and brackets omitted); *see also Triestman*, 470 F.3d at 477 ("*[P]ro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)) (internal quotation marks omitted).

## IV. Discussion

### A.  The Court Lacks Subject Matter Jurisdiction

Defendant claims that the Court lacks subject matter jurisdiction over the instant action because the Amended Complaint does not raise an issue of federal law.  Def. Memo at 3-5.  A district court may exercise subject matter jurisdiction if the action "arises under" federal law.  *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012).  An action "arises under federal law" if "a well-pleaded complaint establishes that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).  Thus, an action does not arise under federal law for jurisdictional purposes simply because it involves a federal statute.  *See Sloan v. Truong*, 573 F. Supp. 2d 823, 829 (S.D.N.Y. 2008).  The burden is on Plaintiff to prove by a preponderance of the evidence that subject matter jurisdiction exists.

Here, Plaintiff has not filed an opposition to Defendant's motion.  *See Ghartey v. Farnsworth*, No. 08 Civ. 6682 (LAP), 2010 WL 199691, at *2 (S.D.N.Y. Jan. 11, 2010) (finding that plaintiff had not met his burden to show that court had jurisdiction because plaintiff did not oppose defendants' subject matter jurisdiction arguments).  Nevertheless, even construing the Amended Complaint liberally, Plaintiff fails to present a federal question sufficient to confer subject matter jurisdiction on this Court.  First, Plaintiff specifically asserts five causes of action based on state law:  (1) breach of contract arising out of Wells Fargo's performance of the Servicer Participation Agreement; (2) violation of New Yok Unfair and Deceptive Business Practices; (3) breach of covenant of good faith and fair dealing; and (4) negligent misrepresentation; and (5) quiet title and constructive fraud.  Am. Compl. ¶¶ 48-133.

Second, Plaintiff alleges that the Court has subject matter jurisdiction pursuant to the Trust in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), Home Ownership and Equity Protection Act ("HOEPA"), Securities Act of 1933[4], "the Wire Act, the Mail Fraud Act, [and] Bank Fraud."  *Id.* at ¶ 1.  However, of this list of statutes, Plaintiff only makes further reference to RESPA[5] – asserting that Defendant should have disclosed its "table

---

[4] Construing the Amended Complaint liberally, Plaintiff seems to assert that Defendant violated securities laws by failing to comply with a Pool and Servicing Agreement (to which Plaintiff was not a party).  Am. Compl. ¶¶ 34-47. She claims that Defendant did not properly record, transfer, or assign Plaintiff's Note and Mortgage, constituting a deficiency in the securitization process.  Plaintiff thus argues that Defendant did not hold a "perfected and secured claim in [her property]" and is thus precluded from asserting any claims against her estate.  *Id.*  The Court cannot discern an intelligible securities claim from these facts.

[5] Generally, RESPA was enacted to enable consumers to better understand the home purchase and settlement process and, where possible, to bring about a reduction in settlement costs.  *See* 12 U.S.C. § 2601.  It prohibits, among other things, "the charging of unearned fees for settlement services, the collection of excess escrow monies, and inaccurate escrow account reporting, and the imposition of fees for statements required by RESPA and TILA." *McAnaney v. Astoria Fin. Corp.*, 357 F. Supp. 2d 578, 588 (E.D.N.Y. 2005) (citing 12 U.S.C. §§ 2607, 2609, 2610).

funding of Plaintiff's loan."[6]  *Id.* at ¶ 52.  As Defendant correctly notes, Plaintiff's "mere references to federal laws cannot formulate the basis" of this Court's subject matter jurisdiction. Def. Memo at 6; *see also Elmaliach v. Bank of China Ltd.*, No. 09 Civ. 2130 (PGG), 2010 WL 1172829, at *8 (S.D.N.Y. Mar. 26, 2010) ("The mere reference to federal statutes . . . is an insufficient basis for the exercise of federal question jurisdiction.").

Lastly, even assuming Plaintiff was attempting to seek recovery pursuant to RESPA, this claim is patently without merit.  *See S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 133 (2d Cir. 2010) (noting that "[t]he inadequacy of a federal claim is ground for dismissal for lack of subject-matter jurisdiction *only* when the claim is *so* insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy"); *see also Carlson v. Principal Fin. Grp.*, 320 F.3d 301, 306 (2d Cir. 2003) (holding that federal claims will not sustain federal question jurisdiction "where the alleged claim . . . appears to be immaterial . . . or where such claim is wholly insubstantial and frivolous").  As an initial matter, it is unclear whether Plaintiff would be asserting a claim pursuant to RESPA Section 2605, 2607, or 2608.[7]

---

[6] "Table-funding" refers to a transaction in which funds come from a different entity than the one that originates, processes, and close the loan.  *See Greystone Bank v. Peralta*, No. 10 Civ. 0695 (BMC), 2010 WL 3767619, at *2 (E.D.N.Y. Sept. 20, 2010).

[7] Section 2605 primarily addresses the servicer's notice requirement for the servicing of mortgage loans and the administration of escrow accounts.  Notably, Section 2605(e) provides that "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days. 12 U.S.C.A. § 2605.

Section 2607 prohibits "kickbacks" and "unearned fees," specifically providing that "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person."  12 U.S.C.A. § 2607.

Section 2608 provides that "[n]o seller of property that will be purchased with the assistance of a federally related mortgage loan shall require directly or indirectly, as a condition to selling the property, that title insurance covering the property be purchased by the buyer from any particular title company."  12 U.S.C.A. § 2608.

*See Arroyo v. PHH Mortg. Corp.*, No. 13 Civ. 2335 (JS), 2014 WL 2048384, at *13 (E.D.N.Y. May 19, 2014) ("There are three private causes of action under RESPA—actions pursuant to Sections 2605, 2607, and 2608."), *see also Ngwa v. Castle Point Mortg., Inc.*, No. 08 Civ. 0859 (AJP), 2008 WL 3891263, at *13 (S.D.N.Y. Aug. 20, 2008) (dismissing plaintiff's RESPA claim for, among other things, failing to identify which RESPA provision defendants allegedly violated).

Even if the Court were to entertain a potential RESPA claim, Plaintiff does not allege any facts that would support a federal cause of action arising under any of the applicable RESPA sections. Specifically, nowhere in the Amended Complaint does Plaintiff allege that Defendant failed to respond to her written request concerning the servicing of her loan (Section 2605), that Defendant received unearned fees or kickbacks in connection with the settlement service (Section 2607), or that she was forced to buy title insurance from a particular title company as a condition to buying the property in California (Section 2608). *See e.g.*, *Miller v. HSBC Bank U.S.A., N.A.*, No. 13 Civ. 7500 (RWS), 2015 WL 585589, at *10 (S.D.N.Y. Feb. 11, 2015) (dismissing plaintiff's Section 2605 claim because he had not specifically plead "when a [qualified written request] was sent, to whom it was sent, why it was sent, and a summary of the request contained in the [qualified written request]"); *Gorbaty v. Wells Fargo Bank, N.A.*, No. 10 Civ. 3291 (NGG), 2012 WL 1372260, at *6 (E.D.N.Y. Apr. 18, 2012) (dismissing plaintiff's Section 2607 claim for failing to allege facts that indicated that defendant received unearned fees or kickbacks). As such, the Court finds that Plaintiff has failed to carry her burden to show that this Court has jurisdiction to adjudicate her claims. *See Bell v. Gordon*, No. 05 Civ. 2163 (NRB), 2005 WL 2087822, at *4 (S.D.N.Y. Aug. 30, 2005) (finding that no subject matter jurisdiction existed because plaintiff failed to allege facts that supported federal cause of action).

10

Accordingly, the Amended Complaint is dismissed without prejudice.

**B. Plaintiff's Remaining State Law Claims**

Under 28 U.S.C. § 1367(c)(3), if the Court has dismissed all of the claims over which it has original jurisdiction, it may decline to exercise jurisdiction over any non-federal claims over which it could have exercised supplemental jurisdiction. However, where the federal cause of action in a case is patently meritless, "its dismissal deprives a district court of supplemental jurisdiction over any remaining state law claims it may have otherwise had." *Williams v. Long Beach Mortg. Co.*, No. 15 Civ. 5952 (KMK), 2016 WL 5720810, at *5 (S.D.N.Y. Sept. 30, 2016) (quoting *Ghosh v. Neurological Servs. of Queens*, No. 13 Civ. 1113 (ILG), 2015 WL 431807, at *3 (E.D.N.Y. Feb. 3, 2015)); *see also Dunton v. Suffolk Cty., State of N.Y.*, 729 F.2d 903, 911 (2d Cir. 1984), *amended on other grounds*, 748 F.2d 69 (2d Cir. 1984) (finding that plaintiff's federal claims "were so insubstantial that the district court did not have jurisdiction to retain the state claims"). Since the Court finds that Plaintiff's alleged federal claims are wholly without merit, the Court does not have jurisdiction over her state law claims.

Accordingly, Plaintiff's remaining state law claims are hereby dismissed without prejudice.

**V. Conclusion**

For the reasons set forth above, Defendant's motion to dismiss is GRANTED.

The Clerk of the Court is respectfully directed to terminate the motions, Docs. 14 & 25, mail a copy of this Order to Plaintiff, and close the case.

It is SO ORDERED.

Dated:     January 18, 2017
           New York, New York

                                        Edgardo Ramos, U.S.D.J.